VINOD NICHANI (CA SBN 277607)
Nichani Law Firm
111 N. Market Street, Suite 300
San Jose, California 95113
Telephone: (408) 800-6174
Facsimile: (408) 290-9802
Email: vinod@nichanilawfirm.com

DAVID D. LIN (*pro hac vice* forthcoming)
LAUREN VALLI (*pro hac vice* forthcoming)
LEWIS & LIN, LLC
77 Sands Street, Sixth Floor
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: david@iLawco.com
Email: lauren@iLawco.com

Attorneys for Subpoenaing Parties
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>Subpoenaing Parties,<br><br>vs.<br><br>YELP, INC.,<br><br>Subpoenaed Party. | Case No.:<br><br>(Case No. 1:20-cv-06329-LGS Pending in Southern District of New York)<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA**<br><br><u>Hearing Information</u><br>Date: _____, 2021<br>Time: 9:30 a.m.<br>Courtroom: |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

    PRELIMINARY STATEMENT AND ISSUE TO BE DECIDED ........................................ 2

    RELEVANT BACKGROUND FACTS ................................................................................ 2

    LEGAL STANDARD ............................................................................................................ 5

    ARGUMENT ......................................................................................................................... 7

        I.    The Subpoena To Yelp Should Be Enforced Because Plaintiffs Have A Real Evidentiary Basis For Believing That The Defendants Posted The Alleged Wrongful Statements As They Have Made A Prima Facie Showing           Of Defamation ........................................................................................................................... 7

        II.   The Subpoena To Yelp Should Be Enforced Because Disclosure Of The Speaker's Identify Would Cause Relatively Little To No Harm To His First Amendment Or Privacy Rights ........................................................... 9

    CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ............. 6

*Art of Living Found. v. Does 1-10*, No. 10-5022, 2011 WL 5444622 (N.D. Cal. 2011).................. 7

*Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) ................................................. 6

*Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)). .................... 7, 8, 10

*Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002) ............................................................................................................................... 8

*In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).............................................. 7, 8

*John Wiley & Sons v. John Does 1-22*, 2013 WL 1091315 (S.D.N.Y. March 15, 2013)................ 6

*Mercy Health Services v. 1199 Health and Human Service Employees Union*, 888 F.Supp. 828 (W.D. Mich. 1995)........................................................................................................ 9

*Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979 (N.D. Cal. 2015)..... 6, 7

*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. July 31, 2012)......... 6

*OBI Pharma, Inc. v. Does 1-20*, Case No. 16-CV-2218 H (BGS) (S.D. Cal. April 27, 2017)..... 10

*Rakofsky v. Washington Post*, 39 Misc. 3d 1226(A), 971 N.Y.S.2d 74 (Sup. Ct. 2013)................ 9

*Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004).................................. 8

*Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 CIV. 8324 JGK DF, 2005 WL 2414452 (S.D.N.Y. Sept. 30, 2005)............................................................................................... 9

**STATE STATUTES**

California Civil Code § 45................................................................................................................ 8

**RULES**

Fed. R. Civ. P. 26 ................................................................................................................... 6

Fed. R. Civ. P. 45 ............................................................................................................... 5, 6

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................................................... 6

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that, as soon as counsel may be heard before the assigned judge at the assigned time in the assigned department, the Subpoenaing Parties, Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs," "Movants," or the "Subpoenaing Parties") by and through their attorneys Nichani Law Firm, will and hereby does move this Court for an Order compelling Subpoenaed Party, Yelp, Inc. ("Yelp"), to comply with the third party subpoena and request for documents issued by Plaintiffs.  This motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Lauren Valli, Esq., and the exhibits attached thereto, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

      Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs respectfully request an order requiring Yelp to comply in full with the subpoena served on it in the underlying litigation, Case No. 1:18-cv-06329-LGS, pending in the United States District Court for the Southern District of New York.

Dated: April 8, 2021

VINOD NICHANI
Nichani Law Firm

By: _____
     VINOD NICHANI

Attorneys for Subpoenaing Parties

1

NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA (YELP, INC.)

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT AND ISSUE TO BE DECIDED

Plaintiffs brought the underlying action on August 11, 2020 against a "John Doe" Defendant for defamation and tortious interference stemming from certain anonymous and defamatory reviews (the "Defamatory Review") posted on the website Yelp.com ("Yelp"). Plaintiffs first moved for leave in the underlying action to conduct expedited discovery aimed at identifying the John Doe defendant ("Defendant") so that they might be named and served. After Plaintiffs' request was granted, Plaintiffs then issued a subpoena to Yelp seeking information to enable them to identify and serve the Defendant. After multiple attempts to meet and confer, Yelp objected to producing any information as to the Defendant associated with the Yelp user account identified in the Complaint in the underlying matter.

The issue for the Court to decide is whether this Court should enforce full compliance Plaintiffs' subpoena to non-party Yelp, Inc., which seeks limited and specific information about the identity of the author(s) of a quasi-anonymous online "review," which is necessary and essential for Plaintiffs to proceed with their underlying lawsuit, and where Plaintiffs have and can satisfy the elements of the *Highfields* test developed by the Northern District of California and applicable here.

## RELEVANT BACKGROUND FACTS

This motion arises out of a federal lawsuit pending in the Southern District of New York. *See* Complaint ("Complaint"), annexed to the Declaration of Lauren Valli, Esq. ("Valli Decl.") as **Exhibit A**. The Plaintiffs in the underlying lawsuit are Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs," "Movants," or the "Subpoenaing Parties"). The facts relevant to this motion are set forth in the Complaint in the underlying action (annexed hereto). Plaintiffs respectfully refer the Court to the Complaint for a full recitation of the facts and circumstances. Certain relevant facts are reiterated herein.

Dr. Mirza operates a successful and respected medical practice, Allied Medical. Dr.

1  Mirza is board-certified in internal medicine, is licensed to practice medicine in New York and
2  New Jersey, and has decades of experience practicing medicine, and specifically relevant here,
3  elective treatments for cosmetic applications. *See* Complaint at ¶¶ 4, 10-14.
4        As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A,
5  commonly known as (and hereinafter referred to as) "Botox," manufactured by Allergen PLC,
6  along with cosmetic treatments using other products. (See Complaint at ¶ 14). As with many
7  cosmetic treatments, patients often find that the results of their procedures do not live up to their
8  expectations.  (See Complaint at ¶ 15). While most of Plaintiffs' patients have shared their
9  opinions in a lawful and reasonable manner, a handful of disgruntled patients who have undergone
10 cosmetic procedures have chosen to voice false and defamatory accusations on Yelp, as described
11 below. (See Complaint at ¶ 16).
12       On or around August 11, 2019, Defendant created, or caused to be created a defamatory
13 "review" on Plaintiffs' profile on the website Yelp.com, hijacking Plaintiffs' own commercial
14 advertising for their services to create negative ads that denigrate Plaintiffs' business and
15 character ("Defamatory Review").  Plaintiffs alleged evidence that Defendant published false
16 statements to third parties accusing Dr. Mirza of not being an experienced doctor and using fake
17 product, by *inter alia* using "cheap product." (See Complaint at ¶¶ 17-22).  The Defamatory
18 Review was posted on Yelp.com, and Yelp.com would have the information and/or documents in
19 their possession, custody, or control which are necessary to positively identify the Defendants.
20 *Id.*
21       As a result, on or about August 11, 2020, Plaintiffs filed the underlying action in the
22 Southern District of New York against the anonymous Defendant. Valli Decl. at ¶ 4. On or about
23 August 24, 2020, Plaintiffs moved for expedited discovery in the matter as Plaintiffs were and
24 are unable to uncover the identity of Defendant without issuing a third-party subpoena on Yelp.
25 (See Valli Decl. at ¶ 5).  The underlying court, via order issued by Hon. Lorna G. Schofield on or
26 about September 2, 2020, stated that "'[w]hen considering whether to grant a motion for
27 expedited discovery prior to a Rule 26(f) conference, courts apply a 'flexible standard of
28 reasonableness and good cause.'" Hon. Schofield found that Plaintiffs met the requirements to

serve a subpoena on an expedited basis and that "[w]ithout this discovery, Plaintiffs appear unable to ascertain the identity of Defendant or to effect service on him." ("SDNY Order").[1] (See Valli Decl. at ¶ 6, Exhibit B).

Accordingly, on or around September 3, 2020, Plaintiffs issued and served a subpoena *duces tecum* to Yelp with the SDNY Order, annexed to the Valli Decl. as **Exhibit C**. (See Valli Decl. at ¶ 7). While Yelp is located in the Northern District of California, the subject subpoena directed compliance through mailing the documents to Plaintiffs' counsel office, or by sending them via email to Plaintiffs' counsel. *Id.* On or about September 17, 2020, Yelp replied through their senior corporate counsel with an objection letter of boilerplate objections and refused to supply the information requested (the "First Yelp Response"), annexed to the Valli Decl. as **Exhibit D**. (See Valli Decl. at ¶ 8). In the Yelp First Response, Yelp cited to, *inter alia* the the Northern District of California's decision in *Highfields* as a basis for its objections. (See Valli Decl. at ¶ 9).

On or about September 23, 2020, Plaintiffs' counsel conferred with Yelp's counsel by phone to resolve any issues with Plaintiffs' requests. (See Valli Decl. at ¶ 10). During that call, counsel for Plaintiffs and Yelp discussed how Plaintiffs could satiate Yelp's objections. *Id.* Based on that conversation, along with previous dealings with Yelp, Plaintiffs believed that Yelp would produce such information and documents after additional submissions were provided by Plaintiffs' counsel in the form of an affidavit. *Id.* Accordingly, on or around October 12, 2020, Plaintiffs, through Dr. Mirza, assembled and executed an affidavit detailing (a) the defamatory statements and (b) how such statements were false (the "First Mirza Aff."), see Valli Decl., **Exhibit E** and provided it to Yelp. (See Valli Decl. at ¶ 11). The same was sent to Yelp via email on or about October 15, 2020. *Id.*

On or about October 21, 2020 Yelp's counsel sent an email to Plaintiffs' counsel indicating that the First Mirza Aff. was not sufficient to meet the burden in that the First Mirza Aff. did not make out a *prima facie* case of defamation both in the phrases "cheap product" and "not experienced." (the "Second Yelp Response"). (See Valli Decl. at ¶ 12). Yelp's counsel

---

[1] The SDNY Order permitted Plaintiffs to seek only Defendants' name and address, not email address, telephone number or any other information.

stated that the First Mirza Aff. changed the meaning to the phrase "cheap product" to "try to create a prima facie case" and that "not experienced" was a statement of opinion that could not be considered defamatory per the case law. *Id.*  On or about October 26, 2020, in response to the Second Yelp Response, Counsel for Yelp and Plaintiffs had a teleconference in which they discussed the First Mirza Aff. (See Valli Decl. at ¶ 13).

As a result of the October 26 call, Plaintiffs' counsel, on or about December 2, 2020, Plaintiffs, through Dr. Mirza, assembled and executed an affidavit detailing the use of the word "cheap" in relationship to the cosmetics products Dr. Mirza uses in his practice. (the "Second Mirza Aff."), see Valli Decl., **Exhibit F** and provided it to Yelp on or about December 4, 2020. (See Valli Decl. at ¶ 14, 15).  The First Aff. and the Second Aff. explain that using the word cheap to describe the products Plaintiffs use could only mean that they were using fake products. (See the First Mirza at ¶ 4; Second Mirza Aff. at ¶¶ 6,7,8). Cambridge Dictionary defines the adjective "cheap" to mean "used to describe goods that are both low in quality *and* low in price." (emphasis added.) (See the Second Mirza Aff. at ¶ 7). While the cosmetic injectables that are used by Plaintiffs can be produced by different manufacturers, regardless of who they are produced by, they are identical. (See the Second Mirza Aff. at ¶ 6). Accordingly, by calling the products that Plaintiff used "cheap," Defendant was calling them fake.  On or around December 4, 2020, Plaintiffs' counsel emailed Yelp's counsel a copy of the Second Mirza Aff., along with case law supporting the proposition that the phrase "not experienced" as it relates to skilled, licensed professionals can be considered defamatory. (See Valli Decl. at ¶ 15). Then, on or about December 11, 2020, Plaintiffs' counsel again conferred with Yelp's counsel by phone to discuss the Second Mirza Aff. and the December 4 email. (See Valli Decl. at ¶ 16).  Neither the Second Mirza Aff. nor the caselaw provided by Plaintiffs' counsel satisfied Yelp's objections. (See Valli Decl. at ¶ 17).

Although productive discussions were had in good faith, counsel for Yelp and Plaintiffs could not resolve the dispute. *Id.*  Thus, absent further cooperation or disclosure from Yelp, Plaintiffs are now compelled to move to enforce the subpoena in the district where Yelp is located: the Northern District of California.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure provides the framework and mechanisms for gathering documents, information, testimony and tangible things relevant to a pending litigation from non-parties through use of subpoenas. *See* Fed. R. Civ. P. 45. Generally, Rule 26 requires parties to meet and confer prior to commencing discovery. *See* Fed. R. Civ. P. 26 (d), (f). However, Rule 26(d)(1) permits a party to conduct discovery in advance of the conference of parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts in the underlying district and others "have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Good cause exists where, as here, plaintiffs have demonstrated a *prima face* case and are unable to uncover the identity of the defendant without issuing a third-party subpoena. *See adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts . . . have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena."); *see also John Wiley & Sons v. John Does 1-22*, 2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013) ("There is good cause to grant expedited discovery in the instant matters because [plaintiff] has alleged a prima facie case of copyright infringement and it cannot identify the John Does without a court ordered subpoena."); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012). Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have found good cause for expedited discovery. *See, e.g.*, *Digital Sin*, 279 F.R.D. at 241.

Once good cause is shown (via the threshold demonstration of a *prima face* case) and a court order is issued pursuant to Rule 26(d)(1), a party proceed to issue subpoenas. Under Rule 45 (d)(2)(B)(i), the proper court for a motion to enforce a subpoena is the "district where compliance [with the subpoena] is required." *See Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015).

Although the First Amendment protects the right to anonymous speech, the right to

anonymity is not absolute, and where such speech is unlawful (i.e., defamatory), the "speaker's right to remain anonymous may give way to a plaintiff's need to discover the speakers identity in order to pursue its claim." *See Music Grp.*, 82 F. Supp. 3d at 983 (quoting *Art of Living Found. v. Does 1-10*, No. 10-5022, 2011 WL 5444622, *3 (N.D. Cal. 2011)). The Ninth Circuit and the Northern District of California have adopted a two part test for enforcement of subpoenas that seek to discover the identity of an anonymous Internet user, (1) that the plaintiff "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff," and (2) once that showing has been made, that the Court compare and balance the harms to the plaintiff and the harms (if any) to the defendant. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1174-77 (9th Cir. 2011) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)).

The Ninth Circuit has indicated that the *Highfields* test is one of "middling rigor," appropriate where, "the challenged speech falls somewhere beneath the most protected realm of 'political, religious, or literary' discourse; is, in significant part, commercial speech that enjoy lesser protection; but may be more safeguarded than pure fighting words and obscenity, which is not protected by the First Amendment at all." *See Music Grp.*, 82 F. Supp. 3d at 983 (citing *Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76).

## ARGUMENT

I. **The Subpoena To Yelp Should Be Enforced Because Plaintiffs Have A Real Evidentiary Basis For Believing That The Defendants Posted The Alleged Wrongful Statements As They Have Made A Prima Facie Showing Of Defamation**

Under the first prong of the *Highfields* "real evidentiary basis" test, a plaintiff is required to make a prima facie showing of a claim by submitting "competent evidence" of each of the elements of its claims in order to prevail under at least one of the causes of action the plaintiff asserts. *Highfields*, 385 F. Supp. 2d at 975-76. The *Highfields* "real evidentiary basis" test is of "middling rigor" that is less demanding than other tests (*See Music Grp.*, 82 F. Supp. 3d at 983) and does not demand evidence that would be sufficient to survive a hypothetical dispositive

motion, but rather requires a demonstration that if unrebutted would support a finding of each of the elements of a claim. *See Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76.

Specifically, the Ninth Circuit has analogized the first prong of the *Highfields* test with the good cause and *prima facie* showing the under Rule 26 motion that the underlying court used to determine whether Plaintiffs should be permitted issue Rule 45 subpoenas. *Compare Anonymous Online Speakers*, 661 F.3d at 1175 ("A number of courts have required plaintiffs to make at least a prima facie showing of the claim for which the plaintiff seeks the disclosure of the anonymous speaker's identity. *See, e.g., . . . Highfields Capital Mgmt., LP v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) ["*Sony Music*"]) (See Valli Decl. at ¶ 6, Exhibit B) (SDNY Order). Plaintiffs do not request that this Court supplant its determination for that of the underlying court, however the record before the Court does demonstrate that Plaintiffs have, at a minimum, met the threshold prong of the moderate *Highfields* test given it would not have had the ability to conduct the discovery at issue without doing so—and prior to Dr. Mirza's supplemental demonstration and affidavit to Yelp. Even if the *Highfields* test did require more of Plaintiffs than is required under the *Sony Music* test (*see, e.g.*, *Art of Living Found.*, 2011 WL 5444622, *3), in any event, Plaintiffs have met their burden under the first prong of the *Highfields* test.

In addition to other claims, Plaintiffs' Complaint has alleged a *prima facie* case of defamation *per se* under New York law. In order to make a *prima facie* case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Statements which tend to injure a person in their business or profession are actionable as defamatory *per se* without a showing of special damages. *See id.*; *see also* California Civil Code § 45 ("Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or *which has a tendency to injury him in his occupation*.") (emphasis added). Further,

statements regarding one's level of experience in their business or profession can rise to the level of defamation per se. *See Rakofsky v. Washington Post*, 39 Misc. 3d 1226(A), 971 N.Y.S.2d 74, (Sup. Ct. 2013) (where stating that an attorney "was allegedly not competent, inexperienced and unethical are the operative words which may give rise to defamation..."); *see also Mercy Health Services v. 1199 Health and Human Service Employees Union*, 888 F. Supp. 828 (W.D. Mich. 1995); *Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 CIV. 8324 JGK DF, 2005 WL 2414452, at *9 (S.D.N.Y. Sept. 30, 2005)(making false statements that products are fake and inferior can be basis for claim of defamation per se).

The Complaint sets forth the actual statements at issue, which include statements accusing Dr. Mirza of practicing without experience and using "cheap products." *See* Complaint at ¶ 18. (Exhibit A).  Further, Plaintiffs have provided evidence to Yelp, in the form of, *inter alia*, Dr. Mirza's affidavits. *See* First Mirza Aff., Second Mirza Aff. at Valli Decl. (Exhibits E, F.)  That evidence demonstrates that the statements are provably false.

Similarly, as alleged in the Complaint, while Plaintiffs are not familiar with who the John Doe is, as of the date of his review (nor at any time before or after), have Plaintiffs have not used fake product or practiced medicine without the requisite level of experience. *See, e.g.*, Complaint at ¶¶18, 23.  To engage in the conduct alleged in the Does' statements would jeopardize not only the integrity of Plaintiffs' medical practice but would subject them to serious disciplinary action—the like of which they have never had, otherwise Dr. Mirza would not be practicing medicine today.

Based upon the allegations and affidavit submitted by Dr. Mirza to Yelp and reiterated herein again, Plaintiffs have put forth evidence to support a claim of defamation *per se* and have thus met the first prong of the moderate *Highfields* test.  Accordingly, Yelp's refusal to disclose the Defendant's identity lacks merit and it should be compelled to provide Plaintiffs with that information forthwith.

II. **The Subpoena To Yelp Should Be Enforced Because Disclosure Of The Speaker's Identify Would Cause Relatively Little To No Harm To His First Amendment Or Privacy Rights**

The second prong of the *Highfields* test provides that, if a plaintiff issuing a subpoena is

able to make a sufficient evidentiary showing to satisfy the first prong, the Court must balance the harms to each party potentially suffered by a ruling in favor or against disclosure. *Highfields*, 385 F. Supp. 2d at 980.  Here, Plaintiffs have clearly met the second prong.

The motion to enforce should be granted because permitting discovery of the identity of the anonymous speaker will afford Plaintiffs the opportunity to continue to litigate its claims of wrongful conduct. Plaintiffs have "no recourse for these statements if the Court does not allow it to pursue the identities of the Doe Defendants." *See OBI Pharma, Inc. v. Does 1-20*, Case No. 16-CV-2218 H (BGS) (S.D. Cal. April 27, 2017) (finding plaintiff in defamation case met the second prong of the Highfields test where disclosure was needed to identify anonymous online speakers and noting that "it is questionable whether these posts are entitled to any First Amendment protection.").  Furthermore, as set forth in the Complaint, Plaintiffs have alleged and submitted evidence (i.e., the First Mirza Aff. and Second Mirza Aff.) which demonstrates that, on information and belief, the intended and resulting effect of the false statements has been to dissuade Plaintiffs' patients and customers from doing business with them. *See* Complaint at ¶¶ 26, 27.

Further, disclosure of an anonymous online speaker is appropriate where, as here, the statements are likely to be taken seriously, are intended and understood to be factual, and will cause harm to Plaintiffs' business and reputation.  Yelp is a platform where businesses promote themselves and where consumers go to read and see, ostensibly true statements about those promoted-businesses' conduct.  As alleged in the Complaint, the Defendant drafted his statements in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs. *See, e.g.*, Complaint at ¶ 19. Under these circumstances, the harm intended by Defendant unto Plaintiffs—by fashioning quasi-factual, but demonstrably false, statements—outweighs any claim to anonymity and privacy that the Defendant may have.  *See OBI Pharma, Inc.*, Case No. 16-CV-2218 H (BGS) (S.D. Cal. April 27, 2017) ("Comparing the magnitude of the harms to Plaintiff and the Doe Defendants in disclosing or not disclosing the Doe Defendants' identities, the Court concludes the Doe Defendants would be subjected to relatively little harm to their First Amendment privacy

rights by disclosure, assuming they have any for these statements, and Plaintiff would suffer significant harm in being denied any remedy for the libelous statements.").

   Finally, while Plaintiffs are and have been unable to specifically identify the Defendant based on his username account he used, the Defendant may not in fact, be "anonymous" as his account name could be the Defendant's real first names and the first initial of their last name (in this case "Steve p.")—vitiating any claim to complete anonymity. Accordingly, the balance of harms tips decidedly in Plaintiffs' favor, and Plaintiffs have clearly met the second prong of the *Highfields* test.

## CONCLUSION

   Based on the foregoing, and the papers submitted by Plaintiffs in connection with the same, Plaintiff respectfully requests that this Court grant (i) their motion to enforce the subpoena on non-party Yelp, and (ii) such other relief to Plaintiffs as the Court deems proper.

DATED this 8th day of April, 2021.   Respectfully submitted,

                NICHANI LAW FIRM

                */s/ Vinod Nichani*

                Vinod Nichani

                LEWIS & LIN LLC

                David D. Lin
                Lauren Valli

                Attorneys for Subpoenaing Parties
                DR. MUHAMMAD MIRZA and
                ALLIED MEDICAL AND DIAGNOSTIC
                SERVICES, LLC