# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>Subpoenaing Parties,<br><br>vs.<br><br>YELP, INC.,<br><br>Subpoenaed Party. | Case No.:<br><br>(Case No. 1:20-cv-06329-LGS Pending in Southern District of New York) |

## DECLARATION OF LAUREN VALLI, ESQ.
## IN SUPPORT OF THE SUBPOEANING PARTIES' MOTION TO ENFORCE

I declare under penalty of perjury that the following is true and correct:

1. I am an attorney duly licensed to practice law in the State of New York, and I am an attorney of record for the plaintiffs in the underlying action referenced herein, and make this declaration in support of Plaintiffs' Motion to Enforce Compliance With the Third-Party Subpoena issued to Yelp, Inc. (the "Motion").

2. This motion arises out of a federal lawsuit pending in the Southern District of New York. *See* Complaint ("Complaint"), A true and correct copy of the Complaint is annexed hereto as **Exhibit A**.

3. The Plaintiffs in the underlying lawsuit are Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs," "Movants," or the "Subpoenaing Parties").

4. On or about August 11, 2020, Plaintiffs filed the underlying action in the Southern District of New York against the anonymous Defendant.

5. On or about August 24, 2020, Plaintiffs moved for expedited discovery in the matter as Plaintiffs were and are unable to uncover the identity of the Defendant without issuing a third-party subpoena on Yelp.

6. The underlying court, via order issued by Hon. Lorna G. Schofield on or about September 2, 2020, found 'good cause' for expedited discovery to determine the identity of the John Doe defendants and determined were unable to identify the Defendants without a court-ordered subpoena ("SDNY Order"). A true and copy of the SDNY Order is annexed hereto as **Exhibit B**.

7. On or around September 3, 2020, Plaintiffs issued and served a subpoena *duces tecum* to Yelp with the SDNY Order. The subject subpoena directed compliance through mailing the documents to Plaintiffs' counsel office, or by sending them via email to Plaintiffs' counsel. A true and correct copy of the subpoena *duces tecum* to Yelp is annexed hereto as **Exhibit C**.

8. On or about September 17, 2020, Plaintiffs received an objection letter of boilerplate objections from Yelp through their senior corporate counsel and Yelp refused to supply the information requested (the "Yelp First Response"). A true and correct copy of the Yelp First Response is annexed hereto as **Exhibit D**.

9. In the Yelp First Response, Yelp cited, *inter alia*, to the Northern District of California's decision in *Highfields* as a basis for its objections.

10. On or about September 23, 2020, I conferred with Yelp's counsel by phone to resolve any issues with Plaintiffs' requests. During that call, Yelp's counsel and I discussed how Plaintiffs could overcome Yelp's objections. Based on that conversation, along with my firm's previous dealings with Yelp on similar issues, Plaintiffs believed that Yelp would produce such information and documents after additional submissions were provided in the form of an

affidavit.

11. On or around October 12, 2020, Plaintiffs, through Dr. Mirza, assembled and executed an affidavit detailing (a) the defamatory statements and (b) how such statements were false (the "First Mirza Aff.") and provided the same to Yelp. The same was sent to Yelp via email on or about October 15, 2020. A true and correct copy of the First Mirza Aff. is annexed hereto as **Exhibit E**.

12. On or about October 21, 2020 Yelp's counsel sent an email to Plaintiffs' counsel indicating that the First Mirza Aff. was not sufficient to meet the burden in that the First Mirza Aff. did not make out a *prima facie* case of defamation both in the phrases "cheap product" and "not experienced." (the "Second Yelp Response"). The Second Yelp Response stated that the First Mirza Aff. changed the meaning to the phrase "cheap product" to "try to create a prima facie case" and that "not experienced" was a statement of opinion that could not be considered defamatory per the case law.

13. On or about October 26, 2020, in response to the Second Yelp Response, Counsel for Yelp and Plaintiffs had a teleconference in which they discussed the First Mirza Aff.

14. On or about December 2, 2020, as a result of the October 26 call, Plaintiffs, through Dr. Mirza, assembled and executed an affidavit detailing the use of the word "cheap" in relationship to the cosmetics products Dr. Mirza uses in his practice. (the "Second Mirza Aff.") A true and correct copy of the Second Mirza Aff. is annexed hereto as **Exhibit F**.

15. On or around December 4, 2020, the undersigned emailed Yelp's counsel a copy of the Second Mirza Aff., along with case law supporting the proposition that the phrase "not experienced" as it relates to skilled, licensed professionals can be considered defamatory.

16. On or about December 11, 2020, the undersigned again conferred with Yelp's

counsel by phone to discuss the Second Mirza Aff. and the December 4 email.

17. Although productive discussions were had in good faith, counsel for Yelp and Plaintiffs could not resolve the dispute.

18. No prior application has been made for the relief herein sought.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 7, 2021
Brooklyn, New York

*/s/ Lauren Valli*
Lauren Valli, Esq.