# Exhibit A

DAVID D. LIN (DL-3666)
LAUREN VALLI (LV-7672)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JOHN DOE,<br><br>*Defendant.* | Case No: 1:20-cv-6329<br><br>**COMPLAINT** |

Plaintiffs Dr. Muhammad Mirza, MD, ("Dr. Mirza" or "Plaintiff Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Plaintiff Allied Medical", collectively with Dr. Mirza, "Plaintiffs") by their attorneys Lewis & Lin LLC, for their complaint against Defendant John Doe ("Defendant").

**STATEMENT OF CASE**

1. This is an action for recovery of damages and injunctive relief arising from blatant acts of defamation and tortious interference with contracts, in connection with the

publishing of a defamatory review by Defendant on Yelp.com regarding Plaintiffs.

2. Defendant created, or caused to be created, a review for the purpose of publishing false and defamatory statements (the "Defamatory Review"). Defendant's Defamatory Review remains active and, upon information and belief, is viewed by thousands of visitors each day, and Defendant continues to defame and injure Plaintiffs with the Defamatory Review.

3. As a result of Defendant's misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

## PARTIES

4. Plaintiff Dr. Muhammad Mirza, MD ("Dr. Mirza") is a medical doctor, board-certified in internal medicine and licensed in the states of New York and New Jersey. Dr. Mirza is domiciled at 124 Eileen Drive, Cedar Grove, New Jersey 07009. Dr. Mirza is not a public official and not a public figure.

5. Plaintiff Allied Medical and Diagnostic Services, LLC ("Allied Medical," collectively with "Dr. Mirza," Plaintiffs) is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York, County of New York. Plaintiff Dr. Mirza is the sole member and principal of Plaintiff Allied Medical.

6. The true name and capacity of the Defendant sued herein as John Doe is unknown to Plaintiffs, who sues Defendant under such fictitious name. Defendant John Doe created and maintain the Internet-based, Defamatory Review denigrating Plaintiffs on one of Plaintiffs' various Yelp.com profiles. Upon information and belief, and according to his Yelp.com profiles, the defendant is not a citizen of New Jersey. Upon information and belief, the Defendant is engaged in commerce in the United States, including within this judicial district. The

Defamatory Review does not provide contact information for its author. If necessary and after discovery, Plaintiffs will seek leave of court to amend this Complaint to state the true name when it is ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over the Defendant because, upon information and belief, he is a resident of the State of New York.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

10. Dr. Mirza operates a successful and respected medical practice, Plaintiff Allied Medical.

11. Dr. Mirza is board-certified in internal medicine and licensed to practice medicine in New York and New Jersey. Dr. Mirza received his medical degree at the University of Karachi in Pakistan, in 1995. After that he served as a resident at Kingsbrook Hospital in Brooklyn, New York, from 1998 to 1999, and then Overlook Hospital, in Summit, New Jersey, from 1999 to 2001. He then served as a Post-Doctoral Research Fellow at John Hopkins University Hospital in Baltimore, Maryland.

12. Dr. Mirza has decades of experience practicing medicine.

13. Dr. Mirza visits different offices on different days for the convenience of his

patients, but his principal office is at 290 Madison Avenue, 6th Floor, New York, New York 10017.

14. As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as "Botox," manufactured by Allergen PLC, along with cosmetic treatments using other products.

15. As with many cosmetic treatments, patients sometimes find that the results of their procedures do not live up to their expectations.

16. While most of Plaintiffs' patients have shared their opinions in a lawful and reasonable manner, a handful of disgruntled patients who have undergone cosmetic procedures have chosen to voice false and defamatory accusations on Yelp.com, as described below.

### The Defamatory Review

17. On or about August 11, 2019, Defendant with the username "Steve p." directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (accessible as to the public on the Internet at https://www.yelp.com/biz/mirza-aesthetics-new-york-6?hrid=l6Q53msQXv_VHf_ImzZHfA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct)) (the "Defamatory Review").

18. Specifically, the Defamatory Review stated as follows:

> Worst experience I've ever had! Woke up looking like a monster!!! Cheap product and he's absolutely not experienced nor does he care!!!!!

19. The Defamatory Review is false. Defendant directed the dissemination of the Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

20. The above statements are knowingly and materially false, and were made to defame Plaintiffs.

4

21. Upon information and belief, Defendant published the Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, professional hygiene and treatment of their clients—all key aspects of Plaintiffs' business and factors that any patient considers before choosing to see a doctor.

22. Defendant's use of the word "cheap" in this context is understood to mean "fake."

23. It is not possible that the allegations in the Defamatory Review are true because Plaintiff Dr. Mirza only uses real, authentic products. Further, he is a highly trained medical doctor with years of experience in cosmetic procedures.

24. Accordingly, the Defamatory Review is undeniably false.

### Damage to Plaintiffs' Reputations and Business

25. Plaintiffs had and continue to have contractual relationships with their patients, customers and vendors.

26. The Defendant scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with its patients, customers and vendors, and upon information and belief, to injure Plaintiffs' business by inducing Plaintiffs' patients, customers and vendors and prospective patients to cease doing business with Plaintiffs.

27. Upon information and belief, as a direct and proximate result of Defendant's defamatory conduct described herein, a number of Dr. Mirza's patients (or prospective patients) have refused to start and/or continue business with Plaintiffs.

28. While Plaintiffs' business perseveres, Defendant's campaign to defame and injure Plaintiffs has caused their patients significant concern about the propriety of Plaintiffs' medical practice, such that the trend of fewer patients is likely and the risk of losing patients is tangible.

Without patients, Plaintiffs' will have no business. This damage is in addition to the permanent and irreparable harm to Plaintiff Dr. Mirza's professional and personal reputations that Defendant's defamatory conduct has caused (and will continue to cause unless enjoined).

## FIRST CAUSE OF ACTION
**[Defamation Per Se and Trade Libel]**

29. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant has intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Review.

31. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' business and reputation.

32. The aforementioned statements were false when made and Defendant knew or should have known that the statements were false when made.

33. These statements were made maliciously and willfully, and were intended to cause harm to Plaintiffs' personal and professional reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of the Plaintiffs.

34. The aforementioned statements where made of and concerning Plaintiffs, and were so understood by those who read Defendant's publication of them.

35. Among other statements, Defendant falsely accused Plaintiffs of using "cheap" products and not being experienced.

36. Defendant's false statements of fact tend to injure Plaintiffs in their business trade and/or profession.

6

37. These statements were false, and were published to third parties in this county and across the Internet.

38. As a result of Defendant's acts, Plaintiffs have suffered irreparable damage to its reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

39. As a result of the willful and malicious nature of the defamation, Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION
### [Tortious Interference with Contractual Relations and Prospective Contractual Relations]

40. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiffs had existing contracts with Plaintiffs' patients, customers and vendors and prospective patients, and reasonably expected that its contractual relationship these would continue into the future.

42. Defendant knew of Plaintiffs' contracts.

43. By the wrongful conduct described above, Defendant intentionally and improperly interfered with Plaintiffs' contracts with Plaintiffs' patients, customers and vendors and prospective patients, and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

44. Defendant's interference caused Plaintiffs' patients, customers and vendors and prospective patients confusion and to cease doing business with Plaintiffs.

45. As a result of Defendant's actions, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

46. Plaintiffs have also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of Defendant's conduct described herein.

47. While an award of damages may be adequate to compensate Plaintiffs for the loss of particular contracts or patients, an award of damages will not be adequate to compensate Plaintiffs for the damage to their reputations caused by Defendant. Plaintiffs have suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant awarding Plaintiffs:

1. a Permanent Injunction enjoining and restraining Defendant and her respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from disparaging or otherwise posting defamatory comments about Plaintiffs;

2. an Order at the conclusion of the present matter directing Defendant to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

3. an Order at the conclusion of the present matter directing Defendant remove the Defamatory Review;

4. actual damages in an amount to be determined at trial, due to commercial defamation per se and trade libel, and an order directing Defendant and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, to remove, delete, or otherwise disable such posts;

5. exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community;

6. actual damages in an amount to be determined at trial, but in no event less than $1,000,000, due to common law tortious interference;

7. attorney's fees and costs as permitted by law; and

8. such other relief as the Court deems just and equitable under the circumstances.

Dated: Brooklyn, New York
August 11, 2020

Respectfully submitted,

**Lewis & Lin, LLC**


 /s/ David D. Lin
David D. Lin (DL-3666)
Lauren Valli (LV-7672)
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@ilawco.com
Lauren@ilawco.com
Tel. (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiffs*
