# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DR. MUHAMMAD MIRZA and ALLIED                                 :
MEDICAL AND DIAGNOSTIC                                        :
SERVICES, LLC,                                                :    20 Civ. 6329 (LGS)
                                    Plaintiffs                :
                                                              :    ORDER
            -against-                                         :
                                                              :
JOHN DOE,                                                     :
                                    Defendant.                :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiffs have moved for expedited discovery to identify the John Doe Defendant in this case. Specifically, Plaintiffs seek to serve a subpoena on third party Yelp, Inc. ("Yelp") in order to ascertain Defendant's identity;

WHEREAS, Plaintiffs have satisfied the requirements for leave to serve a third-party subpoena on an expedited basis. When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). Applying that standard confirms that Plaintiffs are entitled to a subpoena. In particular, Plaintiffs seek Defendant's "identity and contact information." Without this discovery, Plaintiffs appear unable to ascertain the identity of Defendant or to effect service on him. It is hereby

**ORDERED** that Plaintiffs may serve Yelp with a Rule 45 subpoena seeking only the name and address of Defendant. Plaintiffs may not subpoena Yelp for Defendant's email address, telephone number or any other information. It is further

**ORDERED** that any information disclosed to Plaintiffs in response to the subpoena may

be used by Plaintiffs solely for the purpose of obtaining sufficient information to identify and serve Defendant. It is further

**ORDERED** that by **September 9, 2020**, Plaintiffs shall serve a copy of this Order and the subpoena on Yelp and file an affidavit of service. It is further

**ORDERED** that by **October 20, 2020**, Yelp shall file any motion for a protective order in lieu of complying with the subpoena. By **October 27, 2020**, Plaintiffs shall file a response, if any. No reply shall be filed without authorization of the Court. Plaintiffs and Yelp shall comply with the Court's Individual Rules and Emergency Individual Rules, including the provisions on page limits, exhibits and courtesy copies.

The Clerk of Court is respectfully directed to close the docket entry at #4.

Dated: September 2, 2020
      New York, New York

                                                  **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**