ADRIANOS FACCHETTI, Esq. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
301 E. Colorado Blvd, Suite 520
Pasadena, California 91101
Telephone:     (626) 793-8607
Facsimile:     (626) 793-7293
Email:         adrianos@facchettilaw.com

Aaron Schur (S.B.N. 229566)
James Daire (S.B.N. 239637)
YELP INC.
140 New Montgomery Street
San Francisco, CA 94105
Telephone:(415) 908-3801
Facsimile: (415) 615-0809
Email: aschur@yelp.com
Email:jdaire@yelp.com

Attorney for Respondent
YELP INC.

UNITED STATES DISTRICT COURT

NOTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>    Movants / Subpoenaing Parties,<br><br>vs.<br><br>YELP INC.,<br><br>    Respondent. | CASE NO. 21-mc-8077-TSH<br><br>YELP INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER SUBPOENA-RELATED MOTION TO ISSUING COURT<br><br>Date: June 3, 2021<br>Time: 10:00 am<br>Courtroom G, 15th Floor<br><br>Hon. Thomas S. Hixson<br><br>[Federal Rule of Civil Procedure 45(f)] |

## I.  INTRODUCTION

Subpoenaing Parties' opposition to transfer throws into sharp relief Yelp and the Subpoenaing Parties' differing interpretations of the U.S. District Court for the Southern District of New York's order authorizing Subpoenaing Parties' subpoena to Yelp (Dkt. No. 1-3).

Yelp's interpretation gives meaning to what the issuing court wrote in its order: Subpoenaing Parties could issue a subpoena to Yelp prior to a Rule 26(f) conference. The order specifically contemplated that Yelp could respond to that subpoena by *not* complying with it ("…in lieu of complying with the subpoena…")—in which case the issuing court was interested in hearing from Yelp and Subpoenaing Parties as to whether the discovery sought was warranted. Indeed, Subpoenaing Parties submitted *no* evidence to the issuing court before its subpoena-related order; the order was based solely on attorney argument in Subpoenaing Parties' letter motion (Dkt No. 10-1 at 9-10). Thus, the issuing court never considered whether Subpoenaing Parties could muster an evidentiary basis for the prima facie elements of their defamation claim (they cannot). Likewise, the issuing court did not address whether the First Amendment rights of the at-issue Yelp user—an apparent consumer and patient of Subpoenaing Parties opining on Dr. Mirza's products and experience—warrant denying Subpoenaing Parties' access to the user's identifying information (they do).

Subpoenaing Parties' interpretation of the issuing court's order is far broader, and based on words the issuing court did not write, instead of on the words actually in its order. In Subpoenaing Parties' view, the issuing court has already decided that they have an evidentiary basis to support the prima facie elements of their defamation claim—even though the issuing court never stated so in its order and never mentioned Subpoenaing Parties' defamation claim at all. (Subpoenaing Parties also consistently mischaracterize the relevant inquiry, arguing that they have *alleged* the prima facie elements of defamation in their complaint. But the inquiry for purposes of their motion to compel is whether Subpoenaing Parties have *an evidentiary basis* for their claim, not whether they have alleged one.) Also in Subpoenaing Parties' view, this Court can discard the Yelp user's First Amendment rights because the issuing court already considered that issue, too—even though the issuing court never did.

Since Subpoenaing Parties apparently believe that the issuing court already decided these matters in their favor, Yelp expected that they would welcome transfer from this Court back to the issuing court. Instead, Subpoenaing Parties oppose transfer for two stated, but unpersuasive, reasons.

First, Subpoenaing Parties argue that they properly brought their motion to compel in the Northern District of California. That is true, but irrelevant. The question for this Court is whether Subpoenaing Parties' motion, properly brought in this District, ought to be decided by the issuing court in the Southern District of New York.

Second, Subpoenaing Parties argue that there is "no reason for transfer." That is incorrect. Yelp consents to transfer, which is all that is required to transfer under Federal Rule 45(f). Moreover, the issuing court has issued a subpoena-related order and expressed interest in hearing from Yelp. Finally, to the extent there is an actual good faith dispute about the breadth or meaning of the issuing court's subpoena-related order, the issuing court is best situated to address and resolve that dispute, having authored the order in the first place.

Subpoenaing Parties' opposition exposes their inconsistency: arguing in support of their motion to compel that the issuing court has already decided that they have a prima facie case sufficient to justify the discovery they seek, but vehemently opposing transfer to the very same issuing court for further proceedings related to that same discovery. A court—whether it be this Court or the issuing court—should fully consider Subpoenaing Parties' lack of evidence of defamation, which by itself is dispositive, as well as the now unrebutted evidence that Subpoenaing Parties are trying to chill their patients' speech, and deny their motion to compel.

## II. ARGUMENT

### A. Yelp agrees that Subpoenaing Parties properly brought their motion in this District.

Subpoenaing Parties' first argument—that they properly moved to compel in this District—attacks a straw man. Yelp agrees that Subpoenaing Parties' motion to compel in the U.S. District Court for the Northern District of California was procedurally proper under Federal Rule 45(d)(2)(B)(i), and never argued otherwise.

YELP INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER

1    The mere fact that Subpoenaing Parties had to *bring* their motion in this District,

2  however, does not mean that this Court has to *hear and decide* their motion. Federal Rule 45(f)

3  dispels that notion, because it provides that a court where compliance is required (this Court)

4  "may transfer a motion under this rule to the issuing court [the U.S. District Court for the

5  Southern District of New York] if the person subject to the subpoena consents or if the court

6  finds exceptional circumstances." Fed. R. Civ. P. 45(f). Accordingly, Subpoenaing Parties'

7  assertion that they "properly selected the Northern District of California" to file their motion to

8  compel is true but irrelevant. Dkt. No. 18 at 2:10. The question before this Court is whether

9  grounds for transfer exist, not whether this Court has jurisdiction to decide Subpoenaing Parties'

10  motion to compel.

11    Subpoenaing Parties also try to fault Yelp for not filing a motion for a protective order in

12  the Southern District of New York. But Yelp—a non-party to the underlying litigation—had no

13  reason to do so. Following Yelp's timely written objections under Federal Rule 45(d)(2)(B),

14  Yelp and Subpoenaing Parties met and conferred until December 11, 2020, when Yelp emailed

15  Subpoenaing Parties to distinguish certain authority. Dkt. Nos. 1-5; 10-1 at 12-13. Subpoenaing

16  Parties never responded to that email, nor did they copy Yelp on any of their prior or subsequent

17  correspondence with the issuing court, nor did they keep Yelp notified of developments in their

18  underlying case. Dkt. Nos. 10-1 at 9-10; 18-1; 18-2. Instead, nearly four months passed until

19  Subpoenaing Parties filed their April 8, 2020 motion to compel in this District. Dkt. No. 1. Given

20  that long delay and lack of any further word from Subpoenaing Parties, Yelp reasonably assumed

21  Subpoenaing Parties had reconsidered and decided not to pursue the at-issue discovery. After

22  Yelp received the motion to compel, Yelp looked up the underlying case on PACER and learned,

23  for the first time, that the matter was still pending. Dkt. No. 10-1 at 9-10.

24    Of course, it is also true that the Federal Rules did not prohibit Subpoenaing Parties from

25  reaching out to Yelp at any point in time between December 11, 2020 and April 8, 2021 to

26  inquire if Yelp would agree to have the issuing court hear and decide a motion to compel.

27  Considering their assertions to this Court that: (i) the issuing court has allegedly already held

28  they have a prima facie case for defamation; and (ii) they allegedly want a swift resolution to

their motion to compel, it is unclear why Subpoenaing Parties failed to reach out to Yelp before resorting to motion practice before this Court.

**B. Subpoenaing Parties' other stated reasons for opposing transfer are neither credible nor grounds to oppose transfer.**

Setting aside Subpoenaing Parties' irrelevant argument that its motion to compel "was properly before this Court in the Northern District of California," they oppose transfer for two other stated reasons: "[i] a hearing date had already been set by this Court on the Motion to Compel …and [ii] there was no reason for transfer." Dkt. No. 18 at 3:8-10. Neither reason is credible.

**Hearing date.** First, as to the hearing date, Subpoenaing Parties showed no concern for expedition before they needed to articulate a reason to oppose transfer. Dkt. Nos. 10-1 at 9-10; 18-1; 18-2. If Subpoenaing Parties thought that an early or a specific hearing date was important to their underlying case against the Doe defendant, they should have brought their motion to compel in December or January or February or March, instead of on April 8, 2021. Subpoenaing Parties do not even attempt to explain this delay in their opposition. In addition, that "there is already a hearing date in the court of compliance" is not a legitimate reason to oppose transfer of a subpoena-related motion. Neither Federal Rule 45(f) nor the Advisory Committee Notes contemplates that a district court should deny a motion to transfer if there is already a hearing date in the court of compliance. *See* Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. Indeed, Subpoenaing Parties failed to cite a single case, from anywhere in the country, in which a district court denied a motion to transfer on the grounds that there was already a hearing date set in the court of compliance. Yelp is not aware of any such case either.[1]

**"No reason for transfer."** Second, Subpoenaing Parties' argument that there is "no reason for transfer" ignores the record, both as to Yelp's consent and the specific circumstances of this case.

---

[1] Subpoenaing Parties also incorrectly dismiss the fact that hearings are not typically held in the issuing court as merely a matter of Yelp's "opinion." Dkt. No. 18 at 5:28. That is not Yelp's opinion—it is from the issuing court's Individual Rules and Procedures for Civil Cases. Dkt. No. 10-1 at 28-31.

Case No. 21-mc-8077-TSH                    -4-
YELP INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER

As an initial matter, Subpoenaing Parties' opposition avoids any substantive discussion of Yelp's consent to transfer, which is all that is required for this Court to transfer Subpoenaing Parties' motion to compel under Federal Rule 45(f). *See* Dkt. No. 18 at 4:2-5:2. Instead, Subpoenaing Parties try to distinguish *3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *4 (S.D. Cal. Oct. 11, 2016)—in which the court of compliance transferred plaintiff's subpoena-related motion because the non-party consented to transfer—on the grounds that the *3B Med.* plaintiff there *also* agreed to the transfer, whereas here Subpoenaing Parties oppose transfer. But that is a distinction without a difference. For purposes of Federal Rule 45(f), the material inquiry is whether the non-party—here, Yelp—consents to transfer, because Federal Rule 45's design is to "protect non-parties" by assuring them "local resolution of disputes about subpoenas." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. The subpoenaing party's consent (or lack thereof) is of no moment. "If the person subject to the subpoena consents to transfer, Rule 45(f) provides that the court where compliance is required may do so." *Id.*

Subpoenaing Parties' misplaced reliance on *Garden City Emples. Ret. Sys. v. Psychiatric Solutions, Inc.*, Misc. A No. 13-238, 2014 WL 272088, at *3 (E.D. Pa. January 24, 2014) reflects their determination to simply ignore Yelp's consent to transfer. In *Garden City*, the court of compliance considered exceptional circumstances, and decided they did not exist, because the non-party opposed transfer. *Id.* ("where, as here, a person subject to a subpoena opposes transfer of a subpoena-related motion, a court may transfer the motion only in exceptional circumstances.") Here, this Court need make no such inquiry, because Yelp consents to transfer Subpoenaing Parties' motion to compel. This Court can stop there. *See also* Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. ("*In the absence of consent*, the court may transfer in exceptional circumstances…") (Emphasis added).

If the Court is inclined to look further—into the circumstances of this case—it would find additional reasons to transfer Subpoenaing Parties' motion to compel. First, the issuing court has already issued a subpoena-related order and expressed interest in hearing from Yelp and Subpoenaing Parties. *See* Dkt. No. 1-3. Subpoenaing Parties' quibble that, in their view, the issuing court has not been "active" *since* the subpoena-related order misses those points entirely.

Dkt. No. 18 at 5:3:14. Second, Subpoenaing Parties continue to argue to this Court, in connection with their motion to compel, that it is "undisputable" that this Court is merely duplicating review already conducted by the issuing court—which would be another reason to transfer their motion.[2] *See, e.g.,* Dkt No. 16 at 5:17-19 ("It is undisputable that the Southern District of New York found that Plaintiffs made a prima facie showing of defamation *per se* when it issued the SDNY Order."); *Compare Bright House Networks, LLC v. MarkMonitor, Inc.,* No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (transfer is appropriate "where ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court") *with Garden City Emples. Ret. Sys.*, 2014 WL 272088 at *3 (denying motion to transfer where moving party "has not shown the [issuing court] has ruled on discovery issues similar to the issues raised by the instant motion…"). Third, to the extent there is a good faith dispute about the breadth and scope of the issuing court's subpoena-related order, the issuing court itself is best situated to resolve that dispute.

### C.  Judge Kim's 2019 order in *Mirza v. Yelp* is distinguishable and constitutes more evidence of Subpoenaing Parties' efforts to chill speech.

On the last page of their opposition, Subpoenaing Parties argue that "California has a greater interest [as compared to New York] to decide the Motion to Compel." Dkt. No. 18 at 6:3. Subpoenaing Parties cite to *Mirza, et al. vs. Yelp Inc.*, No. 19-mc-80146 (SK) (N.D. Cal. July 23, 2019) ("*Mirza 2019*") for the proposition that "[t]his Court has already done the analysis under the relevant law." Dkt. No. 18 at 6:9. There are two fundamental problems with that argument. First, the comparative interests of (i) the forum state where the court of compliance resides and (ii) the forum state where the issuing court resides are not relevant for purposes of Federal Rule 45(f). Only the non-party's consent or—absent that consent—exceptional circumstances, matters. Second, the existence of *Mirza 2019* does not mean that this Court has already "done the analysis" under New York law. To the contrary, Judge Kim—not this Court—decided *Mirza*

---

[2] Subpoenaing Parties are incorrect; the issuing court did not make any such finding in its subpoena-related order. But Subpoenaing Parties cannot have it both ways—arguing in connection that its motion to compel that the issuing court has already ruled on the critical issues while arguing in opposition to Yelp's motion to transfer that there is "no reason" to do so.

1   *2019* concerning a different subpoena seeking information about different users who left

2   different critical reviews of Dr. Mirza's practice, so there are no efficiencies to be gained in

3   retaining Subpoenaing Parties' motion to compel in this Court.

4   Further, *Mirza 2019* is readily distinguishable from this case.[3] In *Mirza 2019*, Dr. Mirza

5   and his associated LLC sued 11 different Doe defendants. Yelp agreed that Dr. Mirza had

6   satisfied *Highfields* as to three of the 11 Doe Defendants. *Mirza, et al. vs. Yelp Inc.*, No. 19-mc-

7   80146 (SK) (N.D. Cal. July 23, 2019), Dkt. No. 12 at 1. Dr. Mirza and his LLC moved to compel

8   identifying information from Yelp as to the eight remaining Does. Judge Kim found that the

9   reviews of the eight remaining Does had "either implied or explicit falsifiable statements of

10  facts," including because they accused Dr. Mirza of using "fake or diluted" product, and

11  compelled the production. *Id.* at 2. In contrast, the Doe defendant here never accused Dr. Mirza

12  of using fake product, though Subpoenaing Parties continue to incorrectly insist that the Doe

13  Defendant in this case's criticism that Dr. Mirza's products are "cheap" somehow means that the

14  Doe Defendant is asserting, as a factual matter, that Dr. Mirza's products are "fake." Dkt. No.

15  10-1 at 5.

16  Yelp also respectfully believes that the relevant case law since *Mirza 2019* shows that it

17  was incorrectly decided, both under the *Highfields* framework and under New York state

18  defamation law. Four months after *Mirza 2019*, Judge Spero—applying *Highfields*—granted

19  Twitter's motion to quash a subpoena seeking identifying information of an anonymous Internet

20  user where the individual user (and apparent customer of plaintiff) criticized the plaintiff's

21  business practices. *In re PGS Home Co. Ltd.*, No. 19-MC-80139-JCS, 2019 WL 6311407, at *6

22  (N.D. Cal. Nov. 25, 2019) ("[r]ead in context, it is obvious that the speaker's references to the

23  possibility of a 'scam' and accusations that the company does 'crappy construction' and treats

24  customers 'like complainers' are not so much statements of fact but simply a 'rant' by a

25  dissatisfied customer and therefore would be unlikely to cause real harm to PGS.") Thirteen

26  months after *Mirza 2019,* a court in the Southern District of New York, applying New York law,

27

28

---

[3] Subpoenaing Parties now assert *Mirza 2019* "had extremely similar underlying facts" (Dkt. No. 18 at 6:5), but they failed to mention it in their own moving papers (*see generally* Dkt. No. 1).

held that Internet posts accusing plaintiff of "spread[ing] Russian bots" and being "xenophobic" were not defamatory as a matter of law. *Ganske v. Mensch*, 480 F. Supp. 3d 542, 553 (S.D.N.Y. 2020) ("[i]n analyzing the unique context of statements made on Internet fora, courts have emphasized the generally informal and unedited nature of these communications.") And 18 months after *Mirza 2019*, a court in the Eastern District of New York, applying New York law, ruled that a Yelp user's review that Dr. Mirza uses "watered-down Botox" and "fugazzi [i.e., fake] fillers" was not actionable defamation as a matter of law. *Mirza v. Amar*, No. 20-CV-2699 (BMC), 2021 WL 148403, at *3 (E.D.N.Y. Jan. 15, 2021) *("Mirza 2021")* ("[b]ecause Yelp reviews are used by consumers to provide their positive or negative opinions of businesses, the context strongly signals to readers that the review merely reflects the writer's opinion.").[4] With the benefit of hindsight, *Mirza 2019* is an incorrectly decided outlier.[5]

*Mirza 2019* does, however, retain some probative value. Subpoenaing Parties have not submitted any evidence showing that they seriously pursued any of the *Mirza 2019* Doe defendants for defamation after Subpoenaing Parties identified them. To the best of Yelp's knowledge, Subpoenaing Parties used its subpoena in *Mirza 2019* as a springboard to chill speech, obtaining consent judgments or private settlements with those defendants that effectively prohibit each one from speaking about Dr. Mirza, his products, or his services. Dkt. No. 10-1 at 18-26. These are understandable outcomes when an individual Yelp user faces the costs and stress of a federal lawsuit, no matter how meritless. And they are exactly the outcomes that the

[4] Subpoenaing Parties' only response to *Mirza 2021* is that "[t]he procedural posture was entirely different" from this case. Dkt. No. 16, fn. 3. That is true—in *Mirza 2021*, the court rejected Subpoenaing Parties' request for a default judgment—but it weighs *against* Subpoenaing Parties. In *Mirza 2021*, Subpoenaing Parties faced no opposition; they submitted their self-serving evidence and attorney argument against a defaulting defendant. And still, the court there held they could not state a claim for defamation as a matter of law. Since Subpoenaing Parties could not prove actionable defamation under the far more favorable circumstances present in *Mirza 2021*, they cannot do so here.

[5] Subpoenaing Parties accuse Yelp of an "inconsistent position on the issue of transfer," apparently because Yelp moved for transfer here but did not move for transfer two years ago in *Mirza 2019*. Dkt. No. 18 at 6:16-17. But it is not "inconsistent" to take into account the decisions of the federal district courts sitting in New York that clarify New York state defamation law since 2019 and make the reasoned judgment that the issuing court can adequately protect Yelp's users' interests in 2021.

1   *Highfields* test guards against, as it should here.

2   **III.  CONCLUSION**

3     Subpoenaing Parties have no legitimate grounds to oppose transfer of their motion to

4   compel to the issuing court. Yelp requests that this Court grant its motion to transfer.

5

6   DATED: May 13, 2021       RESPECTFULLY SUBMITTED,

7

8                *James Daire*
             _____

9                James Daire (S.B.N. 239637)
             YELP INC.

10               140 New Montgomery Street, 9th Floor
             San Francisco, CA 94105

11               jdaire@yelp.com
             Attorney for Respondent YELP INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28