FILED

Jul 13 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MUHAMMAD MIRZA AND ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>YELP, INC.,<br><br>Defendant. | Case No. 21-mc-80077-TSH<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 10 |

Pending before the Court is Subpoenaed Party Yelp Inc.'s ("Yelp's") Motion to Transfer Subpoena-Related Motion To Issuing Court ("Motion to Transfer"). ECF No. 10. Plaintiff Dr. Muhammed Mirza and Allied Medical and Diagnostic Services, LLC (together, "Subpoenaing Parties") filed an Opposition (ECF No. 18) and Yelp filed a Reply. ECF No. 19. Also pending before the Court is the Subpoenaing Parties' Motion to Enforce Compliance With Third Party Subpoena ("Motion to Enforce Compliance") that was issued in the U.S. District Court for the Southern District of New York (ECF No. 1), Yelp's Opposition (ECF No. 12), and the Subpoenaing Parties' Reply. ECF No. 16.

This Court previously found this matter suitable for disposition without oral argument, vacated the hearing, and took the matter under submission. ECF No. 20; *see* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Yelp's Motion to Transfer for the following reasons.

I. **BACKGROUND**

Yelp provides a platform for speech relating to matters of public interest, including reviews of products and services by users thereof. ECF No. 1-5, p. 2. Muhammad Mirza is a

doctor and the sole member and principal of Allied Medical and Diagnostic Services, LLC, provider of cosmetic procedures. ECF No. 1, 6:28-7:3.

On August 11, 2020, Subpoenaing Parties filed a lawsuit against a John Doe defendant in the U.S. District Court in the Southern District of New York ("Issuing Court"), case 1:20-cv-06329-LGS ("Underlying Case") (ECF No. 1-2), claiming that a Yelp review critical of Mirza's medical practice is defamatory based on the reviewer's assertions that Mirza uses "cheap product" and is "not experienced."[1] *Id.* at ¶¶ 17-24. Subpoenaing Parties sought and, on September 2, 2020, received permission from the Issuing Court to serve an early subpoena on Yelp. ECF No. 1-3. The Issuing Court granted-in-part and denied-in-part Subpoenaing Parties' motion for an early subpoena. Declaration of James Daire ("Daire Decl."), Exh. B, Civil Docket Sheet for the Underlying Case, docket entry 5; ECF No. 10-1. The order was explicitly limited to "expedited discovery" and permitted Subpoenaing Parties to seek "*only* the name and address of Defendant." ECF No. 1-3 (emphasis in the original). The Issuing Court did not consider whether Subpoenaing Parties could actually state a claim for defamation or establish a prima facie case in support of their claim. *See id*.

Following entry of that order, on September 3, 2020, the Subpoenaing Parties issued a subpoena to Yelp under the auspices of the Southern District of New York. ECF No. 1-4. On September 17, 2020, Yelp served timely written objections. ECF No. 1-5. The Issuing Court set a deadline of October 20, 2020 for Yelp to file a motion for a protective order. ECF No. 1-3. The parties met and conferred but came to an impasse on December 11, 2020 (Daire Decl. Exh. C), by which time the time to file a protective order had passed.

The docket of the underlying matter in the Southern District of New York demonstrates that the Issuing Court has already considered at least some issues implicated in the subpoena-related motion. See Daire Decl. Exh. B. In addition to authorizing the Subpoenaing Parties to serve an early subpoena on Yelp, that Court has issued multiple case management orders relating

---

[1] The complete at-issue review states: "Worst experience I've ever had! Woke up looking like a monster!!! Cheap product and he's absolutely not experienced nor does he care!!!!!" Declaration of James Daire ("Daire Decl."), Exh. A.

2

to the subpoena. *Id.* In particular, since at least January 11, 2021, the Issuing Court has required Subpoenaing Parties to submit monthly letters to advise that Court as to the status of serving the John Doe defendant. Daire Decl. Exh. B. at SDNY ECF No. 14.

On April 8, 2021, almost four months after Yelp and the Subpoenaing Parties came to an impasse, Subpoenaing Parties initiated this miscellaneous action by filing their Motion to Enforce Compliance in this Court to compel Yelp to produce the reviewer's identifying information. ECF No. 1. Immediately thereafter, on April 13, 2021, Yelp consented to transfer the Motion to Enforce Compliance to the Southern District of New York for prompt resolution. Daire Decl. Exh. D. Yelp explained to Subpoenaing Parties that transfer was warranted because, under the circumstances of this case, Yelp felt adequately protected in the Issuing Court and it believed that Court was best situated to resolve a subpoena-related motion because it had already issued at least one subpoena-related order and had taken an active role in the dispute. Daire Decl. ¶5. Subpoenaing Parties responded that they objected to the transfer because, at that time, there was a hearing date for the Motion to Enforce before this Court. *Id.* Contemporaneous to filing its Opposition, Yelp filed the instant Motion to Transfer. See ECF No. 10.

A hearing date for both motions was initially set for June 3, 2021, but the Court has since taken the motions under submission to be decided without oral argument. Notwithstanding the fact that the hearing date for the Motion to Enforce Compliance was vacated – the original justification for refusing to agree to transfer the subpoena back to the Issuing Court – Subpoenaing Parties have not rescinded their opposition to Yelp's Motion to Transfer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes to Rule 45 make clear that the intention of the rule is to protect nonparties by enabling the local resolution of disputes about subpoenas,[2] but also

---

[2] "To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the

3

that "transfer to the court where the action is pending is sometimes warranted." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments ("Advisory Committee Notes"). "Rule 45(f) provides that the court where compliance is required may do so" (*id.*) when protection of nonparties is unnecessary, as when nonparties subject to the subpoena consent to transfer to an issuing court. Neither Rule 45(f) nor the Advisory Committee Notes address the situation where an issuing party objects to transfer to the issuing court.

In addition, Rule 45(f) provides that a Court may transfer a subpoena-related motion to the court where the action is pending in "exceptional circumstances." In describing "exceptional circumstances," the Advisory Committee Notes state in relevant part: "[i]n some circumstances, [] transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* This list is not exhaustive, as "[c]ourts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (citing *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015)).

"Exceptional circumstances" may exist when the issuing court has already considered issues implicated in a subpoena-related motion. *See Bright House Networks,* 2020 WL 4464882, at *2*; Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (finding transfer appropriate where "issues raised in the motion to compel relate to orders and discovery from the underlying [ ] case."). Exceptional circumstances may also exist "where ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court, or where it would risk disruption of the issuing court's management of the underlying litigation." *Bright House Networks*, 2020 WL 4464882, *2; *see*

---

court in which compliance is required under Rule 45(c)." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments ("Advisory Committee Notes").

4

1   *also Moon Mountain Farms*, 301 F.R.D. at 430. In such circumstances, the issuing court "is in a

2   better position to rule on these motions due to its familiarity with the issues involved." *Id.*

3   Indeed, courts routinely transfer subpoena-related motions to the issuing court when the

4   subpoenaed party consents in order to facilitate the issuing court's ability to control discovery.

5   *See, e.g., 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *4

6   (S.D. Cal. Oct. 11, 2016) (granting motion to transfer plaintiff's subpoena-related motion because

7   the subpoenaed party and defendant consented and because of the "importance of ensuring

8   consistency in rulings on the issues involved, preserving judicial economy, and permitting the

9   court with the most experience and knowledge of the facts to rule on these matters.").

## III.   DISCUSSION

The instant motion presents a situation where the usual concerns of Rule 45(f) are turned on their head. Yelp, the local nonparty the rule seeks to protect by ensuring local resolution of subpoena-related disputes, seeks to return the subpoena-related motion to a distant court, while the Subpoenaing Parties seek to keep it in a court across the country from the venue in which they chose to initiate their lawsuit and the New York state defamation law they claim governs their lawsuit.

Given that the primary purpose of resolving subpoena-related motions in the home district of non-parties is to protect them from the burden of challenging a subpoena in a remote location, local non-party Yelp's Motion to Transfer vitiates the need for protection by Rule 45(f). *See Moon Mountain Farms*, 301 F.R.D. at 430 (analyzing burdens placed on nonparty subpoena recipient because such burden should be "the primary focus in determining whether transfer is appropriate"). Any inconvenience Yelp may experience by having the Issuing Court resolve the Motion to Enforce Compliance – that is, any burden on Yelp that Rule 45 may have sought to alleviate – is clearly outweighed by Yelp's own wishes, as the instigator of this Motion to Transfer, to have it resolved there.

Rule 45(f) nowhere contemplates that parties seeking a subpoena can or would object to transfer back to the court where they originally filed suit, since they had presumably chosen their

preferred jurisdiction in the first instance.[3]  Hence, Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where the Subpoenaing Parties object to the transfer and the nonparties subject to the subpoena consent to the transfer – or, as here, when the nonparty proactively seeks that transfer.  When, as here, the protection offered by the rule is unnecessary, "Rule 45(f) provides that the court where compliance is required may do so."  Advisory Committee Notes.

Under these circumstances, Rule 45(f) presents no bar to transfer the Motion to Enforce compliance back to the Issuing Court, and Yelp's proactive consent to the transfer provides sufficient grounds for this Court to grant Yelp's Motion to Transfer.

## IV.  CONCLUSION

In sum, the Court finds that transfer is appropriate because Yelp consents to transfer. Accordingly, the Court **GRANTS** Yelp's Motion to Transfer and **TRANSFERS** this miscellaneous action to the U.S. District Court for the Southern District of New York.

**IT IS SO ORDERED.**

Dated: July 13, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[3] The rule's silence on objections by issuing parties makes sense, too, given its primary purpose to protect nonparties, i.e., to minimize the impact on nonparties of responding to subpoenas in distant courts.